**BIGELOW v. LOEW'S, Inc.**

No. 10646.

United States Court of Appeals
Seventh Circuit.

Dec. 23, 1952.

the result which should be reached, but died without approving the opinion.

See also, 170 F.2d 783.

Miles G. Seeley and Bryson P. Burnham, Chicago, Ill., Mayer, Meyer, Austrian & Platt, Chicago, Ill., of counsel, for appellant.

Thomas C. McConnell, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from an order construing an injunctive decree entered in the much litigated case of Bigelow v. RKO Radio Pictures. The suit was instituted by plaintiff as the owner and operator of the Jackson Park motion picture theatre under the anti-trust laws, Title 15 U.S.C.A. § 1 et seq., against certain defendant distributors and exhibitors, including Loew's Inc., for the recovery of damages. This phase of the litigation has heretofore been before this and the Supreme Court. 150 F.2d 877; 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652. Subsequent to an affirmance by the Supreme Court of an award of damages to the plaintiff, an injunctive decree was, on October 16, 1946, on application of the plaintiff, entered against the defendants. This decree, on appeal by the defendants, was considered by this court and in the main approved. 162 F.2d 520.

The instant proceeding was initiated on petition by Loew's Inc. (a defendant in previous proceedings but now referred to as petitioner) against Bigelow (plaintiff in previous proceedings but now referred to as respondent), for a construction or interpretation of Section V(b) of the injunctive decree entered October 16, 1946, which provides:

"V. That the defendants * * * be and they hereby are enjoined from:

\* \* \* \* \* \*

"(b) preventing the plaintiffs or any of them in the operation of the Jackson Park Theatre from contracting for or from securing in the course of interstate trade and commerce at fair and reasonable film rental any motion picture film or films suitable for first run exhibition on the south side of Chicago * * *."

This court has under consideration an appeal from an order in Loew's Inc., v. Milwaukee Towne Corporation, 201 F.2d 19 (hereinafter referred to as Towne), which involves the interpretation or construction of a similar decretal provision. In fact, the provision in the two cases is the same in that in each case the defendant distributors are enjoined from preventing the plaintiff exhibitor from securing motion picture film or films at "fair and reasonable film rental," and each case presents for decision the method or system to be employed in the determination of a "fair and reasonable film rental." The two appeals were heard in this court on the same day and may be properly characterized as companion cases. Opinions in the two cases are being announced simultaneously, and what we have said and held in the Towne case is applicable in the instant case and need not be repeated in detail.

It is true there is some variation in the procedure followed in the two cases which perhaps should be pointed out even though

it does not, in our view, alter the result. The petition in the instant case alleged in effect that respondent's theatre (Jackson Park), the Stony Theatre and the Jeffery Theatre were in the same competitive area and engaged in substantial competition; that James Coston represented to petitioner that he had become the owner and operator of the Jeffery Theatre and that he desired to bid against both the Jackson Park and Stony Theatres for first neighborhood runs in that area; that petitioner was notified by respondent (Bigelow) that it could not be required to bid or otherwise compete for pictures, and that if petitioner failed to grant pictures at terms desired by it, respondent would cause petitioner to be cited for contempt for claimed violation of Section V(b) of said decree. Petitioner prayed:

"That the Court enter an order herein interpreting and clarifying Section V(b) of the decree herein by declaring that Petitioner has the right to receive, from Respondents and from any exhibitors operating theatres in substantial competition with the Jackson Park Theatre, bids for exclusive licenses to exhibit pictures on first neighborhood run, or any other run, in the competitive area in which the Jackson Park Theatre is located, and to award such a license to the exhibitor from whom Petitioner receives the highest and best bid."

To this petition an answer was filed by Bigelow which, among other things, denied that the Jackson Park and Jeffery Theatres were "closely competitive for patronage from the same area," and averred "that the Decree in this case does not contemplate bidding by respondents for the defendant's [petitioner's] pictures; that when the matter was heard by this Court, defendants proposed a Decree wherein and whereby they sought to eliminate section V(b) of the present Decree substituting therefor the following provision entitled IV(a) * * *." Then follows the decree originally proposed by the defendants, which in substance required defendants to license motion picture films to the plaintiffs for the Jackson Park Theatre "upon competitive bidding."

James E. Coston, the owner and operator of the Jeffery Theatre, was granted leave to file what is termed an intervening answer. A hearing was had, findings of fact were made and the order now under attack was entered. Coston's intervening answer was stricken at the conclusion of the hearing, apparently upon the basis of two findings, (1) that the Jackson Park Theatre and the Jeffery Theatre are not closely competitive for patronage from the same area and, therefore, are not in substantial competition, and (2) that Coston had not shown that representation of his interest by Loew's was inadequate and that every contention advanced by Coston had been adequately presented by Loew's. Coston sought no appeal from the order dismissing his intervening answer.

The court concluded as a matter of law that petitioner was attempting to relitigate and retry issues previously ruled upon adversely by the District Court and the United States Court of Appeals, and that it is the law of the case that Section V(b) of the decree does not contemplate competitive bidding.

Notwithstanding that there was some difference in the procedure followed in the instant case and in the Towne case and also some variance in the facts, the ultimate question in each case is the same, that is, the interpretation or construction of identical language in the two decretal provisions. And it is evident that the parties in the instant case recognize the same question for decision as that in the Towne case because the contested issues as stated are the same and almost the identical argument is made by the parties in the two cases in support of their respective contentions.

For reasons stated in the Towne case, we disagree with respondent's contention and with the conclusion of the District Court that it is the law of the case that respondent is not required to engage in competition in the procurement of films. In approving the decree in the instant case, this court held, "The plaintiffs [respondent] have a right to compete [Bigelow v. RKO

Radio Pictures, 7 Cir., 162 F.2d 520, 524]," and in the Towne case which followed we held that "plaintiff is entitled to a decree which will place it only in the same competitive position which it would have occupied absent a conspiracy [Milwaukee Towne Corp. v. Loew's Inc., 7 Cir., 190 F.2d 561, 571]." When the Towne case was before this court we struck from the decree a portion which we thought would place the plaintiff in a preferred status, and when the instant case was before this court we likewise eliminated a provision (162 F.2d at page 524) which would have placed respondent in a preferred status over the Maryland Theatre, one of its competitors. Respondent's contention that a "fair and reasonable film rental" is not to be determined by competition is in striking contrast to that urged upon the court in its original action. Typical thereof is the following statement:

"I have a lawsuit here which involves the right of these plaintiffs, or any people, to try and improve their business position, to try and better their condition. I am trying to assert their right to bid their money against anybody, against any combination of persons—the right to bid for the product upon which their business depends; and, as I have listened to these arguments, I felt that there was something inherently wrong, something basically wrong with any system, with any philosophy which can assert, here before your Honor, that a citizen of this country of ours doesn't have that right."

We hold as we did in the Towne case that a "fair and reasonable film rental" means a rental determinable by competition. Here, as in the Towne case, we intentionally refrain from holding that the award of film to respondent under any system of bidding which petitioner might invoke would be a compliance with the decree. Undoubtedly bidding is the conventional means of ascertaining the fair and reasonable price of a product but, as pointed out by the Supreme Court in United States v. Paramount Pictures, 334 U.S. 131, 163, 68 S.Ct. 915, 92 L.Ed. 1260, the determination of a fair and reasonable film rental involves numerous intricate factors and is more complicated than the determination of a fair price for ordinary products. It is readily foreseeable that bidding under one set of circumstances would enable an exhibitor to obtain his film at a fair and reasonable rental while such would not be the case under a different set of circumstances. It can be said, however, that there is nothing in the decree, either in the Towne or the instant case, which either requires or prohibits the distributors from utilizing a system of bidding as a means of determining a "fair and reasonable film rental." In any event, it is the end result and not the system employed which is important.

We think we should not conclude without mention of the dismissal of the intervening answer filed by Coston as owner of the Jeffery Theatre, although it is not discernible how that action affects petitioner's right to an interpretation or construction of the decretal provision in controversy. It appears to be respondent's contention that such issue became moot upon the court's finding that the Jackson Park Theatre and Jeffery Theatre are not in substantial competition. If such be the point, we think it is without merit for a number of reasons, one of which is that there is no basis in the record for such a finding. Without going into too much detail, it can be fairly stated that Jeffery and Jackson Park, from the commencement of this litigation, have been treated by respondent as neighborhood competing theatres. In respondent's original complaint, seven theatres, including the Jeffery, were alleged to be the immediate competitors of the Jackson Park Theatre. At the original trial, respondent introduced evidence in support of that allegation. The Jeffery Theatre, formerly owned by Warner Brothers, is one of the theatres referred to by the Supreme Court as a competitor of Jackson Park. Bigelow v. RKO Radio Pictures, 327 U.S. 251, 255, 66 S.Ct. 574, 90 L.Ed. 652. On the hearing in the instant matter the testimony of the witness Banford offered by petitioner and that of the intervenor Coston shows unmistakably that the two theatres were in competition. It is significant that respondent offered no testimony in support of its contrary con-

tention and no proof that the relative position of the two theatres had changed since the commencement of the suit. Respondent now relies upon a statement by Banford on cross-examination that he could not determine the degree of competition without making an analysis of the people who attended. We think this affords little, if any, support to a finding of no substantial competition, particularly in view of the overwhelming showing to the contrary.

It follows from what we have said in the instant case as well as what we have held in the Towne case that the order appealed from must be reversed. It is so ordered, with directions that a decree be entered in conformity therewith.[1]

1. Judge KERNER heard the oral argument in this case, participated in conferences which followed, agreed generally as to the result which should be reached, but died without approving the opinion.